[Cite as *State v. Shough*, 2013-Ohio-3329.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| BENNIE SHOUGH | : | Case No. 13-CA-3 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Case No.
12 CR 00296

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 29, 2013

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

KENNETH W. OSWALT                  WILLIAM T. CRAMER
Licking County Prosecutor            470 Olde Worthington Rd., Ste. 200
                                             Westerville, OH 43082
By: JUSTIN T. RADIC
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, OH 43055

*Baldwin, J.*

{¶1}    Defendant-appellant Bennie Shough appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On June 4, 2012, the Licking County Grand Jury indicted appellant on one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree, and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. At his arraignment on July 31, 2012, appellant entered a plea of not guilty to the charges.

{¶3}    Subsequently, on December 13, 2012, appellant withdrew his former not guilty plea and entered a plea of no contest to the charges contained in the indictment. The trial court found appellant guilty of the charges. Appellee recommended that appellant's total sentence not exceed nine (9) months on all counts. Pursuant to a Judgment Entry filed on December 14, 2012, the trial court sentenced appellant to an aggregate prison sentence of eighteen (18) months. The trial court also ordered that appellant's sentence run consecutively with any sentence imposed in Case No. 12 CR 00469. The trial court, in its Judgment Entry, also sentenced appellant to a period of three (3) years of post-release control and denied appellant's post-sentence oral motion to withdraw his plea. Appellant had made such motion on the basis that he did not receive the recommended sentence.

{¶4}    Appellant now raises the following assignments of error on appeal:

{¶5} THE TRIAL COURT RENDERED APPELLANT'S NO CONTEST PLEA INVOLUNTARY AND VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS BY IMPOSING A SENTENCE THAT EXCEEDED THE AGREED-UPON SENTENCING RECOMMENDATION.

{¶6} THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, CRIM.R. 11, AND R.C. 2943.032, WHEN IT FAILED TO EXPLAIN THE MAXIMUM PENALTY DURING THE PLEA COLLOQUY BY OMITTING THE PENALTY FOR VIOLATING POST-RELEASE CONTROL.

I

{¶7} Appellant, in his first assignment of error, argues that his no contest plea was not voluntary because the trial court imposed a sentence that exceeded the agreed upon sentencing recommendation. We disagree.

{¶8} Crim.R. 11(C)(2) reads as follows:

{¶9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶13} In accepting a plea, a trial court must substantially comply with Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979). Furthermore, it is well established that a trial court is not bound to accept a sentence recommendation proposed by the prosecution. See, e.g., *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist. 1978).

{¶14} A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than what is recommended by the prosecutor." *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, paragraph 13, citing *State v. Pettiford*, 12th Dist. Fayette No. CA2001–08–014, at 3, 2002 WL 652371 (Apr. 22, 2002). Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist. 1982).

{¶15}   In the case sub judice, the following colloquy took place on the record:

{¶16}   Q.      Do you agree with those facts that have been set forth by the state, Mr. Shough?

{¶17}   A.      Yes, sir.

{¶18}   Q.      Have you discussed the facts and circumstances of your case, along with all of your possible defenses or affirmative defenses, fully and completely with your attorney?

{¶19}   A.      Yes, sir.

{¶20}   Q.      Are you satisfied with the advice your attorney has given you today and throughout the course of these proceedings?

{¶21}   A.      Yes, sir.

{¶22}   Q.      Do you understand, Mr. Shough, nobody can make you change your plea here today?

{¶23}   A.      Yes, sir.

{¶24}   Q.      Are you changing your plea freely and voluntarily, knowing what your rights are?

{¶25}   A.      Yes, sir.

{¶26}   Q.      Have there been any threats or promises or anything offered to you or given to you today to make you do this?

{¶27}   A.      No, sir.

{¶28}   Q.      Do you understand, Mr. Shough, that should the court permit you to change your plea here today, should the Court then enter a guilty finding, generally all that would remain to be done is to proceed with sentencing, and that sentence could

consist of a term of two years at a state penitentiary, a fine of $5,250, a suspension of your driver's license, and three years of post-release control?

{¶29} A.    Yes, sir.

{¶30} Q.    Do you understand that's the maximum possible entire sentence? Do you understand that?

{¶31} A.    Yes, sir.

{¶32} Transcript at 11-14.

{¶33} Upon review of the record and the totality of the circumstances surrounding the plea in this case, we find that the trial court sufficiently explained the potential incarceration period, and we hold that the trial court did not err in finding appellant entered a voluntary, knowing, and intelligent plea. See *State. v Deresse*, 5th Dist. Licking No. 09 CA 11, 2009-Ohio-6725.

{¶34} Appellant's first assignment of error is, therefore, overruled.

II

{¶35} Appellant, in his second assignment of error, argues that the trial court erred by failing to inform him, at the plea hearing, of the penalty for violating post-release control. We disagree.

{¶36} Post-release control constitutes a portion of the maximum penalty. *State v. Jones,* 5th Dist. Nos. 10CA75, 10CA76, 10CA77, 2011–Ohio–1202. In *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court held in paragraph 25 as follows:

" * * * if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant

may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause."

{¶37} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply' with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. Richland No.2011–CA–121, 2012–Ohio–2957, citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, paragraph 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶38} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *[State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]".

{¶39}   In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark,* 119 Ohio St.3d at 244. In *Clark, supra,* decided after *Sarkozy,* the Ohio Supreme Court concluded that:

{¶40}   "[I]f the trial judge [ in conducting a plea colloquy] imperfectly explained non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies….Under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the 'defendant subjectively understands the implications of his plea and the rights he is waiving', the plea may be upheld." *Id.* at ¶ 31.

{¶41}   Thus, in *Clark,* the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. 119 Ohio St.3d at 244, ¶ 31. (Citations omitted).

{¶42}   The present case involves the notification of post-release control during a plea colloquy.  As such, we review the trial court's plea colloquy under the substantial-compliance standard because the notification of post-release control impacts the right to be informed of the maximum penalty. Under the substantial-compliance standard, we analyze the totality of circumstances surrounding appellant's plea and determine whether he subjectively understood the effect of his plea.

{¶43} In the case sub judice, the trial court, at the plea hearing, advised appellant that if he violated the terms of post-release control, "you're subject to being returned to the penitentiary for more incarceration even though you've served out your entire sentence." Transcript at 13-14. The plea form signed by appellant on December 13, 2012 states, in relevant part, as follows: "If I violate conditions of supervision while under post release control, the Parole Board could return me to prison for up to nine months for each violation, for repeated violations up to ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, which would be consecutive to any other prison term imposed for the new offense."

{¶44} As conceded by appellant, this Court, under similar circumstances, has found substantial compliance with Crim.R. 11(C). See *State v. Alexander*, 5th Dist. Stark No. 2012CA00115, 2012-Ohio-4843. See also *State v. Harris*, 5th Dist. Licking No. 12 CA 82, 2013-Ohio-2056.

{¶45} Based on the foregoing, we find that, under the totality of circumstances, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) at the plea hearing.

{¶46} Appellant's second assignment of error is, therefore, overruled.

{¶47}   Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P. J. and

Farmer, J. concur.

_____

HON. CRAIG R. BALDWIN

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

CRB/dr

[Cite as *State v. Shough*, 2013-Ohio-3329.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BENNIE SHOUGH | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13-CA-3 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Cost assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER