[Cite as *State v. Little*, 2011-Ohio-4256.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 MA 145 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CHRISTOPHER LITTLE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                             Court, Case No. 09 CR 1241.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
                             Prosecuting Attorney
                             Attorney Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 W. Boardman St., 6th Floor
                             Youngstown, OH 44503


For Defendant-Appellant:      Attorney Rhys Cartwright Jones
                             42 N. Phelps Street
                             Youngstown, OH 44503


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                             Dated: August 19, 2011

DeGenaro, J.

{¶1} Defendant-Appellant, Christopher Little, appeals the August 31, 2010 judgment of the Mahoning County Court of Common Pleas convicting him of theft and drug possession, and sentencing him accordingly. Little argues that the trial court's imposition of maximum, consecutive sentences was erroneous. This argument is meritless, as Little's sentence was neither contrary to law, nor an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶2} On December 3, 2009, Little was indicted by the Mahoning County Grand Jury on one count of aggravated robbery (R.C. 2911.01(A)(1)(C)), a first-degree felony with a R.C. 2941.145(A) firearm specification, one count of trafficking in heroin (R.C. 2925.03(A)(2)(C)(6)(a)), a fifth-degree felony, and an R.C 2981 forfeiture specification. Little was accused of robbing a man at gunpoint in connection with a drug deal. He had been arrested in connection with these charges, but released on bond. Little retained counsel and pled not guilty.

{¶3} Little subsequently entered into a Crim.R. 11(F) plea agreement with the State. In exchange for his guilty plea, the State agreed to amend the aggravated robbery charge to an R.C. 2913.02(A)(1)(B) theft charge, a fifth-degree felony, amend the heroin trafficking charge to a heroin possession charge (R.C. 2925.11(A)(C)(6)(a)), a fifth-degree felony, dismiss the firearm specification, and recommend community control. Little also agreed to stipulate to the forfeiture specification, which involved $2,841.00 and a 47-inch Phillips television set.

{¶4} A Criminal Rule 11 plea hearing was held on June 14, 2010. The trial court engaged in a colloquy with Little regarding the rights he would give up by pleading guilty, and the trial court accepted Little's plea as knowingly, voluntarily and intelligently made. A pre-sentence investigation was ordered and prepared. The court continued Little's bond with several conditions, including that Little appear at all future court proceedings on time.

{¶5} On July 29, 2010, Little's case was called for a sentencing hearing as scheduled, however Little did not appear. The trial court revoked Little's bond, and issued

a bench warrant for his arrest. Little was subsequently arrested.

{¶6} On August 18, 2010, the sentencing hearing was held with Little in attendance. The crime victim had been notified, but declined to appear. The State kept its promise to recommend community control. Defense counsel apologized that Little was "late" for his prior sentencing hearing, explaining that Little had his 5 children with him that morning and "had trouble getting the kids where they needed to be in order to be here at ten o'clock." Defense counsel represented that Little was extremely remorseful for his lateness. Counsel requested that the court impose community control, which would allow him to complete a treatment program. Counsel noted that the pre-sentence investigation revealed Little had a substance abuse problem which played a large role in his actions.

{¶7} The trial court then addressed Little and had the following dialogue:

{¶8} "THE COURT: Thank you. Mr. Little, what do you have to say for yourself?

{¶9} "THE DEFENDANT: I like to apologize for being late. I just like to apologize for being late.

{¶10} "THE COURT: Don't you think you better tell me why I shouldn't put you in prison for 24 months?

{¶11} "THE DEFENDANT: (No response.)"

{¶12} After stating that it had considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, and concluded that Little was not amenable to community control, the trial court sentenced him to 12 months on each of two charges to be served consecutively. The court also imposed a mandatory six-month driver's license suspension. The court advised Little that he could be subject to up to three years of post-release control upon his release from prison. Motions to stay sentence pending appeal were overruled by the trial court and then by this court.

## Sentencing

{¶13} In his sole assignment of error, Little asserts:

{¶14} "The trial court's abused its discretion in sentencing Mr. Little to consecutive prison terms in so far [sic] as it found and concluded that Mr. Little was not amenable to

community control sanctions despite a presentence investigation and recommendation of all concerned parties that he was amenable to community control sanctions."

{¶15} When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. Id. at ¶15. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶16} With regard to the first prong of the inquiry, Little's sentence is not clearly and convincingly contrary to law. The 24-month sentence he received for the two fifth-degree felony convictions was within the statutory range. R.C. 2929.14(A)(5). In addition, the trial court expressly stated during the sentencing hearing and in its sentencing entry that it had considered the principles and factors contained in R.C. 2929.11 and 2929.12. Further, Little was afforded his allocution rights pursuant to Crim.R. 32(A)(1), when the court personally addressed him and asked him if he had anything to say for himself. The court properly notified Little that upon his release from prison he could be subject to up to three years post-release control.

{¶17} Moving on to the second prong of the test, the trial court's overall sentencing decision was not an abuse of discretion. Deviation from the jointly recommended sentence does not necessarily constitute an abuse of discretion. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, at ¶13, citing *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208. See,

also, *State v. Ericson*, 7th Dist. No. 09 MA 109, 2010-Ohio-4315, at ¶38.

{¶18} Here, the trial court fully forewarned Little about the penalties for his crimes, including the possibility that he may receive a greater sentence than recommended:

{¶19} "THE COURT: Do you understand for purposes of sentencing that you are consenting to this court to be the fact finder?

{¶20} "THE DEFENDANT: Yes, Your Honor.

{¶21} "THE COURT: Do you understand if I accept your plea this morning I could proceed immediately to judgment and sentence; and I could sentence you for 6, 7, 8, 9, 10, 11, 12 months on each felony five for a total of 24 months. I could fine you up to $2,500 on each of the felony fives, for a total of $5,000, and that you are also eligible for community control sanctions?

{¶22} "THE DEFENDANT: Yes, Your Honor."

{¶23} "* * *

{¶24} "THE COURT: Has anybody promised you anything in order to get you to change your plea?

{¶25} "THE DEFENDANT: No, Your Honor."

{¶26} And contrary to Little's assertions, "[t]here is no requirement, either in case law or by statute, that the trial court must give reasons for rejecting the state's sentencing recommendation." *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004-Ohio-6806, at ¶17.

{¶27} Further, the sentence is reasonable based on the totality of the circumstances. The trial court could have reasonably concluded that Little was not amenable to community control after Little failed to appear in court for his sentencing hearing, and in fact he did not appear until after he had been arrested. Further, although there were no factors making the crime more or less serious, see R.C. 2929.12(B) and (C), the recidivism factors contained in R.C. 2929.12(D) demonstrate a high likelihood of recidivism. According to the PSI[1], Little had an extensive juvenile and adult record. See R.C. 2929.12(D)(2),(3) and R.C. 2929.12(D)(4). Finally, Little did not show genuine

---

[1] R.C. 2952.03(D)(1) dictates that a PSI is not a public record and remains confidential but may be used by trial and appellate courts for purposes of sentencing and appellate review of that sentence.

remorse for his crimes. R.C. 2929.12(D)(5). For these reasons, the trial court's sentencing decision in this case was not unreasonable, arbitrary or unconscionable.

**{¶28}** In conclusion, Little's sentence was not contrary to law or an abuse of discretion. Accordingly, Little's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.