[Cite as *State v. Hoffer*, 2014-Ohio-595.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13CA102 |
| TERRY HOFFER, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County Court of Common Pleas, Case No. 2013CR00132

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 18, 2014


APPEARANCES:

For Plaintiff-Appellee

KENNETH W. OSWALT
Licking County Prosecutor
By: Paula M. Sawyers
20 S.Second Street, 4th Floor
Newark, OH

For Defendant-Appellant

ASHLEY RUTHERFORD STARLING
4653 Trueman Blvd., Ste. 100
Hilliard, OH  43026

*Gwin, J.,*

**{¶1}** Appellant appeals the October 16, 2013 judgment of conviction and sentence of the Licking County Court of Common Pleas sentencing him to eighteen (18) months in prison. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On March 8, 2013, appellant Terry Hoffer, Jr. was indicted on one count of felonious assault pursuant to R.C. 2903.11(A)(1), one count of endangering children pursuant to R.C. 2919.22(B)(1) & (E)(2)(d), a felony of the third degree, and one count of endangering children pursuant to R.C. 2919.22(A) & (E)(2)(c), a felony of the second degree. The State of Ohio alleged that a child, S.C., the daughter of appellant's girlfriend, suffered numerous injuries including second and third degree burns to her fingers, chest, and shoulders, and bruises to her ears, legs, and buttock. Further, that appellant was the sole caretaker of the child when the injuries occurred and appellant, a certified paramedic, failed to seek medical attention for the child's injuries. The injuries were reported by S.C.'s day care.

**{¶3}** On August 6, 2013, appellant filed a motion to continue for change of plea and sentencing. In this motion, appellant specifically requested that a pre-sentence investigation report ("PSI") be prepared. The trial court granted appellant's motion to continue on the same day and ordered the requested PSI. The trial court scheduled the change of plea and sentencing hearing for September 30, 2013. On September 27, 2013, appellant filed a motion to continue the plea and sentencing hearing, indicating the request was being made because added information was needed to complete the PSI report. Appellant filed an additional motion to continue on September 30, 2013

stating appellant was hospitalized. The trial court granted appellant's motions to continue on September 30, 2013 and continued the plea and sentencing hearing to October 16, 2013.

{¶4} On October 16, 2013, appellant appeared with trial counsel for his change of plea and sentencing hearing. Appellant signed an entry of guilty plea form. The form stated that "I am entering this plea as a result of negotiated plea agreement reached by my attorney on my behalf and the Licking County Prosecutor's. This agreement is as follows: in exchange for defendant's plea of guilty to Count 2 of the indictment the prosecutor agrees to dismiss Counts 1 and 3." The State of Ohio filed a motion to amend the indictment to dismiss Counts 1 and 3. The trial court granted the State of Ohio's motion during the October 16, 2013 hearing.

{¶5} At the beginning of the hearing, the trial court reviewed with appellant his understanding of the negotiated plea. Appellant confirmed it was his understanding of the agreement that he would plead guilty to one charge of endangering children, a felony of the third degree, in exchange for the State of Ohio dismissing one count of felonious assault and one count of child endangering, a felony of the second degree. The trial court questioned appellant and appellant stated no one had promised him anything except the dismissal of the felonious assault and second child endangering charge in exchange for his guilty plea. Appellant confirmed he had sufficient time to consult with his attorney, reviewed the legal documents in the case, and had sufficient time to think about his decision. During the plea hearing, the trial court inquired of appellant and appellant affirmed that he understood the potential penalties included a maximum prison term of thirty-six (36) months and, if he was sent to prison, he would

be subject to a period of post-release control for up to three years as determined by the Adult Parole Authority. The trial court accepted appellant's plea of guilty and dismissed the other two counts of the indictment.

{¶6} The trial court proceeded to the sentencing hearing. The prosecutor stated appellant had no criminal history and thus the State of Ohio was "in agreement with community control if that's what the Court chooses to do at this time." Appellant and trial counsel spoke on appellant's behalf. The victim's mother spoke at the hearing and also submitted a written victim impact statement. The trial court stated that it considered the victim impact statement, statements of the parties, overriding purposes of felony sentencing, and the relevant seriousness and recidivism factors. The trial court found that because of those factors, and "because there's no PSI, I am required to impose a prison sentence. I am. That's the law. He did not appear for his PSI interview. One was not prepared."

{¶7} Counsel for appellant stated appellant did participate in the PSI interview, but wanted to be accompanied by counsel to complete the interview and that, due to appellant's hospitalization and trial counsel's schedule, nothing had been done to complete the interview. Trial counsel for appellant indicted he contacted the judge's chambers and his staff notified him the trial court judge had enough information to go forward with sentencing. After the trial court imposed the prison sentence, counsel for appellant requested a continuance so the PSI could be completed. The trial court denied the motion for continuance and stated the lack of a PSI was only one of the reasons he was imposing a prison sentence. The trial court stated, "even if I had a PSI based on what I know about this case, I believe a prison sentence is warranted * * *"

and noted the significant injuries of the victim and the lack of seriousness with which appellant was taking the matter. Appellant's trial court counsel stated he was not aware a PSI had not been completed until the morning of the plea and sentencing hearing, reiterated his conversations with the court's staff, and noted any shortcomings were at least partially due to appellant's hospitalization for kidney issues.

{¶8} In a judgment entry of conviction and sentence dated October 16, 2013, the trial court stated the record, statements of the parties, victim impact statements, the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors in R.C. 2929.12 were taken into consideration prior to imposing sentence. The trial court found a prison term was consistent with the purposes and principles under R.C. 2929.11 and sentenced appellant to eighteen (18) months in prison.

{¶9} Appellant appeals the October 16, 2013 judgment entry of conviction and sentence and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO EIGHTEEN MONTHS IN PRISON INSTEAD OF COMMUNITY CONTROL.

{¶11} II. THE COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S OCTOBER 16, 2013 ORAL MOTION FOR A CONTINUANCE TO COMPLETE HIS PSI."

I.

{¶12} Appellant first argues the trial court's decision to impose an eighteen (18) month prison term was contrary to law because it is unclear from the record whether the court reviewed the statutory factors set forth in R.C. 2929.11 and 2929.12 or simply issued the prison sentence due to the absence of a PSI. We disagree.

{¶13} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, as it relates to the remaining sentencing statutes and appellate review of felony sentencing. The Court stated that, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14 holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. *Kalish*, 120 Ohio St.3d at 123. "Thus a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Id.* However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and R.C. 2929.12 and the trial court must still consider these statutes. *Id.* Accordingly, "an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence" and must instead "ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.*

{¶14} When reviewing a felony sentence, an appellate court must first review the sentence to ensure the sentencing court clearly and convincingly complied with the applicable laws. *Id.* A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* In *Kalish*, the Supreme Court held the trial court's decision was not contrary to law when the trial court expressly stated it considered the

purposes and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, properly applied post-release control, and the sentence was within the permissible range. *Kalish* at ¶ 18.

{¶15} If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶16} Upon review, we find appellant's sentence is not clearly and convincingly contrary to law. The sentence is within the statutory sentencing range. While appellant contends it is unclear whether the trial court reviewed the statutory factors in R.C. 2929.11 and R.C. 2929.12 and only sentenced appellant to prison due to the lack of a PSI, the record does not support appellant's contention. At the sentencing hearing, information was presented to the trial court from the State of Ohio, the victim's mother, appellant, and counsel for appellant. The trial court specifically stated that it considered the victim impact statement, the statements of the parties, "the overriding purposes of felony sentencing, and the relevant seriousness and recidivism factors. Taking those factors into consideration and because there is no PSI, I am required to impose a prison sentence." Later at the sentencing hearing, the trial court stated the lack of the PSI was only one of the reasons he was imposing a prison sentence and "even if I had a PSI based on what I know about this case, I believe a prison sentence is warranted."

{¶17} Further, in the judgment entry of conviction and sentence, the trial court stated the record, statements of the parties, victim impact statements, the purposes and

principles of sentencing set forth in R.C. 2929.11 and the factors in R.C. 2929.12 were taken into consideration prior to imposing the prison sentence. Thus, the trial court expressly stated during the sentencing hearing and in the sentencing entry that it had considered the principles and factors contained in R.C. 2929.11 and R.C. 2929.12. Further, the trial court advised appellant regarding post release control.

{¶18} Although appellant argues the trial court erred by failing to give appellant additional time to complete a PSI, Ohio law does not require the trial court to order a PSI when sentencing a felon. *State v. Kvintus*, 5th Dist. Licking No. 09CA58, 2010-Ohio-427. The Ohio Supreme Court has held that a trial court need not order a pre-sentence report when probation or a community control sanction is not granted. *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992); see also Crim.R. 32.2; R.C. 2951.03(A)(1). Since the trial court did not order probation or a community control sanction, it did not err by proceeding with the sentencing hearing without the completion of the PSI. We find the sentence is not clearly and convincingly contrary to law.

{¶19} Having determined the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. Appellant argues the trial court abused its discretion when it deviated from the jointly recommended sentence of community control and thus the sentence should be vacated. We find the trial court's overall sentencing decision was not an abuse of discretion. A deviation from a jointly recommended sentence does not necessarily constitute an abuse of discretion. *State v. Little,* 7th Dist. Mahoning No. 10MA145, 2011-Ohio-4256. Sentencing is within the sound discretion of the trial court. *State v. Mathews*, 8 Ohio App.3d 145, 456 N.E.2d 539 (10th Dist. 1982). The trial court is not bound by a recommendation proffered by

the State. *State v. Kitzler*, 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253. Criminal Rule 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *Mathews*, 8 Ohio App.3d at 146. Further, a trial court "is not bound by a plea agreement unless there has been active participation by the trial court in the agreement." *State v. Hutchinson*, 5th Dist. Tuscarawas No. 2001AP030020, 2001 WL 1356356 (Oct. 30, 2001). Thus, a trial court does not err by imposing a sentence greater than that recommended by the State when the trial court sufficiently explains to the defendant the potential incarceration periods and sentencing ranges which may be imposed upon conviction. *State v. Bailey*, 5th Dist. Knox No. 05-CA-13, 2005-Ohio-5329; *State v. Brown*, 5th Dist. Delaware No. 13CA13, 2013-Ohio-5515.

{¶20} In this case, prior to accepting appellant's guilty plea, the trial court explained to appellant that by entering a guilty plea, he would be waiving his right to a trial by jury, the right to confront his accusers, the right to compulsory process of witnesses, and the right to be proven guilty beyond a reasonable doubt. The trial court also fully appraised appellant of the nature of the offense, the range of penalties and the fines provided for the offense, the possibility of the imposition of post-release control, and the potential consequences for a violation of post-release control. The trial court also inquired whether appellant had been threatened or promised anything in exchange for his plea except for the dismissal of the remaining two indictment charges. The trial court specifically reviewed the plea agreement with appellant that included the dismissal of two charges in exchange for the plea of guilty to the child endangering charge, a felony of the third degree. There is no indication that part of the plea included a

community control sentence. Throughout the Criminal Rule 11 colloquy, appellant indicted he waived his rights, understood the nature of the charges against him, the maximum penalties, and stated that this plea was not induced by promise or threat, other than the dismissal of the two charges by the State of Ohio. Appellant also reviewed and executed a written plea form, which was filed and made part of the record.

{¶21} At the sentencing hearing, the State of Ohio indicated it recommended a sentence of community control "if that's what the court chooses to do at this time." There is no other evidence or indication the trial court actively engaged in the plea negotiations or that a promise of a certain sentence had been made to appellant prior to his plea. The written plea form and the trial court's review of the plea agreement on the record both indicate appellant's plea to the child endangering charge was in exchange for the dismissal of the second child endangering charge and the felonious assault charge with no indication as to a community control sentence being part of the plea agreement. The record reveals appellant was fully informed by the court as to the rights he was waiving and all other consequences of his guilty plea.

{¶22} Upon review of the record and the totality of the circumstances, we find the trial court sufficiently explained the potential incarceration period and potential penalties for his crimes. Thus, the trial court did not abuse its discretion in sentencing appellant to eighteen months in prison when the sentence did not follow the prosecutor's recommendation of community control.

{¶23} Accordingly, we find appellant's sentence was not contrary to law or an abuse of discretion. Appellant's first assignment of error is overruled.

II.

**{¶24}** Appellant contends the trial court should have granted appellant's October 16, 2013 motion for continuance on the record when it became apparent a PSI had not been completed. We disagree.

**{¶25}** The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When determining whether the court's discretion to grant a continuance has been abused, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. *State v. Battle*, 5th Dist. Morgan No. 09AP0001, 2010-Ohio-4327.

**{¶26}** When appellant agreed to change his plea on August 6, 2013, the trial court granted a continuance of the trial date and granted appellant's motion for a PSI. The trial court continued the change of plea and sentencing hearing to September 30, 2013, giving appellant approximately fifty-five (55) days to consult with the probation office to have them complete a PSI. On September 27, 2013, appellant requested a continuance to complete the PSI and due to the fact that he had recently been released from the hospital. The trial court granted appellant's motions to continue on September 30, 2013 and continued the change of plea and sentencing hearing until October 16, 2013, giving appellant and his counsel another sixteen (16) days of additional time to complete the required questionnaire necessary to finalize the PSI. Further, appellant

requested the continuance to complete the PSI after the trial court informed appellant he was sentencing him to an eighteen-month prison term. The trial court noted he had appellant's statement, the victim impact statement, considered the relevant factors, and determined a prison term was warranted. The trial court further stated that "even if I had a PSI based on what I know about this case, I believe a prison sentence is warranted."

{¶27} Based on the foregoing, we find that the trial court did not err in denying appellant's motion to continue the sentencing hearing. The trial court's decision was not arbitrary, unconscionable, or unreasonable. Appellant's second assignment of error is overruled.

{¶28} Accordingly, appellant's first and second assignments of error are overruled. The October 16, 2013 judgment of conviction and sentence of the Licking County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, J., concur