The STATE of Ohio, Appellee,

v.

BUCHANAN, Appellant.

[Cite as *State v. Buchanan,* 154 Ohio App.3d 250, 2003-Ohio-4772.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2002–0046.

Decided Sept. 5, 2003.

</div>

Robert L. Smith, for appellee.

Jerry M. McLendon, for appellant.

FARMER, Presiding Judge.

{¶ 1} On November 28, 2001, the Muskingum County Grand Jury indicted appellant, Gregory Buchanan, on one count of corruption of a minor in violation of R.C. 2907.04, one count of sexual battery in violation of R.C. 2907.03, and one count of corruption of another with drugs in violation of R.C. 2925.02.

{¶ 2} On September 18, 2002, appellant pled guilty as charged. By judgment entry filed October 24, 2002, the trial court merged the corruption-of-a-minor count with the sexual-battery count and sentenced appellant to four years in prison. As for the remaining count, the trial court sentenced appellant to five years. These sentences were to be served concurrently but consecutive to a sentence appellant was then serving.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. The assignment of error is as follows:

I

{¶ 4} "A sentence of four (4) years in prison on count II and five (5) years in prison on count III, despite the state's recommendation of a sentence of three (3) years in prison, was an abuse of discretion."

II

{¶ 5} Appellant claims that the trial court erred in sentencing him to four and five years respectively, given that the state recommended three years. We disagree.

{¶ 6} R.C. 2953.08 governs an appeal of a sentence for a felony. Subsection (G)(2) states as follows:

{¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶ 9} "(b) That the sentence is otherwise contrary to law."

{¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

{¶ 11} Appellant pled guilty to felonies of the second and third degree. Pursuant to R.C. 2929.14(A)(2), felonies of the second degree are punishable by two, three, four, five, six, seven, or eight years. Felonies of the third degree are punishable by one, two, three, four, or five years. R.C. 2929.14(A)(3). By judgment entry filed October 24, 2002, the trial court sentenced appellant to four years on the third-degree-felony count and five years on the second-degree-felony count, to run concurrently, but consecutive to a sentence appellant was then serving.

{¶ 12} Appellant argues that the trial court erred in not following the state's recommendation of three years. Appellant argues that if he had known "that he

would not receive the agreed upon plea negotiations* * *he would have made the necessary and timely motion to withdraw his plea of guilty."

{¶ 13} Trial courts are vested with discretion in implementing plea agreements. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 15 O.O.3d 107, 399 N.E.2d 119. A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State v. Pettiford* (Apr. 22, 2002), Fayette App. No. CA2001–08–014, at 3, 2002 WL 652371, citing *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208. In fact, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 8 OBR 202, 456 N.E.2d 539. As this court stated in *State v. Hutchison* (Oct. 30, 2001), Tuscarawas App. No. 2001AP030020, at 8, 2001 WL 1356356:

{¶ 14} "Philosophically, a trial court is not bound by a plea agreement unless there has been active participation by the trial court in the agreement. Such participation was not present sub judice. If we accept appellant's argument, we would be abrogating the constitutional right of the trial court to determine the appropriate sentence. It would abrogate the separation of powers doctrine if the state was permitted to force a particular sentence upon a trial court."

{¶ 15} In this case, the trial court did not participate in the plea negotiations. During the Crim.R. 11 colloquy, the trial court informed appellant of the possible sentences, and the following exchange occurred:

{¶ 16} "THE COURT: The State of Ohio is recommending that you receive a three-year prison sentence and everything be served concurrently, but consecutive to the sentence you are currently serving. Also, there's an agreement to stipulate as to being classified as a sexually-oriented offender. Other than that, have you been promised anything else or threatened in any way in order to enter your pleas of guilty here today?

{¶ 17} "MR. BUCHANAN: No, sir, I haven't.

{¶ 18} "* * *

{¶ 19} "THE COURT: You understand that the Prosecutor's recommendation is not binding on the Court; I do not have to follow it?

{¶ 20} "MR. BUCHANAN: Yes, I understand that."

{¶ 21} In addition, contained within appellant's September 18, 2002 plea of guilty is the statement, "I further understand that the Prosecutor's recommendation does *not* have to be followed by the Court."

{¶ 22} Upon review, we find that the trial court informed appellant of the possible penalties which could be imposed. The trial court specifically forewarned appellant that it did not have to follow the state's recommendation. Appellant understood this to be the case. We find that the trial court did not err in sentencing appellant to more than the recommended three years.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

Judgment affirmed.

EDWARDS and BOGGINS, JJ., concur.