THE STATE EX REL. DURAN, APPELLANT, v. KELSEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Duran v. Kelsey,*
106 Ohio St.3d 58, 2005-Ohio-3674.]

(No. 2005–0017—Submitted June 15, 2005—Decided August 3, 2005.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of mandamus and prohibition to compel a trial court judge to correct a criminal sentence based on a plea agreement. We affirm.

{¶ 2} In 2000, appellant, Augusto Duran, entered into a plea agreement with the prosecutor in which Duran agreed to plead guilty to a felony charge of cocaine possession in exchange for the prosecutor's recommendation that Duran receive a five-year prison sentence. In the plea agreement, Duran specified that he understood that "any recommendations are not binding on the Court" and that the maximum penalty for the charge of cocaine possession was two to eight years. On August 2, 2000, appellee, Wood County Court of Common Pleas Judge Reeve Kelsey, convicted Duran of possession of cocaine upon his guilty plea and sentenced him to six years in prison instead of the five years recommended by the prosecutor.

{¶ 3} In November 2004, Duran filed a petition for writs of mandamus and prohibition in the Court of Appeals for Wood County to compel Judge Kelsey to correct his sentence to five years instead of six years based on the plea agreement. Duran claimed that Judge Kelsey had disregarded the binding plea agreement. On November 24, 2004, the court of appeals sua sponte dismissed Duran's petition.

{¶ 4} For the following reasons, the court of appeals properly dismissed Duran's petition.

{¶ 5} First, Duran has "an adequate legal remedy to rectify any alleged breach of the plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement." *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128; *State ex rel. Sansom v. Wilkinson* (Mar. 27, 2002), Cuyahoga App. No. 80743, 2002 WL 511516, *2.

{¶ 6} Second, as the court of appeals determined, Judge Kelsey did not breach the plea agreement. He did not agree to sentence Duran to the five-year prison term recommended by the prosecutor. The agreement that Duran signed acknowledged that Judge Kelsey was not bound by the prosecutor's recommendation. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Buchanan,* 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13, quoting *State v. Pettiford* (Apr. 22, 2002), Fayette App. No. CA2001–08–014, 2002 WL 652371, *3.

{¶ 7} Finally, the court of appeals did not err in sua sponte dismissing Duran's petition. "'Sua sponte dismissal without notice is appropriate only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11, quoting *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572. Duran obviously cannot prevail in mandamus or prohibition on the facts alleged in his petition. And Duran's reliance on R.C. 2731.10 is misplaced because no alternative writ was issued by the court. See R.C. 2731.10 ("If no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant").

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., not participating.

Augusto Duran, pro se.

Raymond Fischer, Wood County Prosecuting Attorney, and Jacqueline M. Kirian, Assistant Prosecuting Attorney, for appellee.