[Cite as *State v. Davis*, 2011-Ohio-3101.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. CT2010-0052 |
| ROBERT DAVIS, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                       Pleas, Case No.  CR2010-0120


JUDGMENT:                                     Affirmed


DATE OF JUDGMENT ENTRY:          June 23, 2011


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

RONALD L. WELCH                         ERIC J. ALLEN
ASSISTANT PROSECUTOR             THE LAW OFFICE OF
27 North Fifth Street                        ERIC J. ALLEN, LTD.
Post Office Box 189                         713 South Front Street
Zanesville, Ohio  43702-0189          Columbus, Ohio  43206

*Wise, J.*

{¶1}  Defendant-appellant Robert Davis, Jr. appeals his sentence entered in the Muskingum County Court of Common Pleas following a plea of guilty to one count of rape, one count of rape of a person under the age of thirteen and one count of gross sexual imposition on a person under the age of thirteen.

{¶2}  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}  On April 6, 2010, the Muskingum County Sheriff's Office responded to a call concerning the sexual abuse of two minor children and one adult child by the Appellant. The adult child, J.E.D., and one of the minor children, K.J.D., are the Appellant's natural children; their mother has been deceased since 1997. E.D. is the Appellant's step-child. A complaint soon followed.

{¶4}  The Sheriff's investigation uncovered a number of allegations of sexual offenses perpetrated by Appellant against these victims dating from 1998 to the present. All three of these victims, in separate interviews, claimed that Appellant threatened to harm them or other family members if they ever told anyone what he was doing to them. Further investigation revealed that there were several other victims as well.

{¶5}  On June 9, 2010, a multi-count indictment was returned against Appellant alleging numerous instances of sexual misconduct with the previously mentioned victims and with other children.

{¶6}  At the arraignment, Appellant pled not-guilty and bond was set at one million dollars.

{¶7} On August 9, 2010, counsel for Appellant withdrew.

{¶8} On August 11, 2010, with new counsel present, the Prosecutor negotiated a plea bargain with Appellant whereby Appellant agreed to plead guilty to (1) count of rape of a person under age 13, (1) count of rape, and (1) count of gross sexual imposition on a person under the age of 13. In exchange for his guilty plea, the Prosecutor agreed not to indict Appellant on the remaining counts and to recommend a sentence of twenty years to life.

{¶9} At the plea hearing, Appellant withdrew his not-guilty plea and entered a guilty plea. The trial court accepted Appellant's guilty plea and proceeded to sentencing. After both counsel clarified their understanding of the terms of the plea bargain, the trial court imposed a sentence of twenty-five years to life.

{¶10} It is from this upward departure that Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO MORE THAN THE AGREED UPON SENTENCE OF TWENTY YEARS TO LIFE."

### I.

{¶12} In his sole assignment of error, Appellant asserts that the trial court erred by failing to sentence him in accordance with the negotiated plea agreement. We disagree.

{¶13} In the instant case, Appellant argues that the trial court's decision to depart from the prosecutor's recommendation of twenty years to life was influenced by

the prosecutor's statements to the court that the prepared indictment contained 293 counts, but that the State was willing to negotiate a plea deal which included only a guilty plea to three separate counts.

{¶14} Initially, we note that the trial court in this matter did not breach the plea agreement, as it never agreed to sentence Appellant to the twenty to life prison term recommended by the prosecutor. The agreement that Appellant signed acknowledged that the trial court was not bound by the prosecutor's recommendation. (T. at 10).

{¶15} "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *State ex rel Duran v. Kelsey*, 106 Ohio St.3d 58, 2006-Ohio-3674; *State v. Buchanan,* 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13, quoting *State v. Pettiford* (Apr. 22, 2002), Fayette App. No. CA2001-08-014.

{¶16} In *State v. Kalish*, 120 Ohio St.3d 23, 2009-Ohio-4912, the Ohio Supreme Court set forth a two-step approach for appellate courts to follow in reviewing felony sentences. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at paragraph 4, *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

{¶17} In the instant case, the sentence Appellant received was within the permissible statutory range, and the court stated in its judgment that it had considered the principles and purposes of sentencing under R.C. §2929.11 and balanced the seriousness and recidivism factors under R.C. §2929.12. We further note that Appellant does not allege that he was not properly advised of post-release control in this case.

{¶18} Based on the foregoing, we find that the trial court did not abuse its discretion in imposing the sentence of 25 years to life on Appellant for one count of rape of a person under the age of 13, one count of rape and one count of gross sexual imposition on a person under the age of 13.

{¶19} Appellant herein argues that the trial court was influenced by the magnitude of the unindicted offenses in this matter. In support, Appellant cites this Court to the trial court's statement that "upon review of the presentence investigation and everything involved in the case the court will impose those sentences consecutively for a total of twenty-five years."

{¶20} Subsequent to the Ohio Supreme Court's decision in *State v. Foster,* i.e. "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E.2d 470, 498.

{¶21} We have reviewed the record in this matter and find that the trial court's decision was not arbitrary, unconscionable or unreasonable. In considering the sentence in this case, the trial court had before it the fact that the rape victims in this

case were Appellant's biological daughters and were only ten and fifteen years old at the time of the rapes. The victim of the gross sexual imposition was Appellant's step-daughter and was only twelve years old when she was assaulted. These facts alone could account for the trial court's decision to impose a sentence greater than the sentence recommended by the State of Ohio.

{¶22} We find Appellant's sole assignment of error not well-taken and hereby overrule same.

{¶23} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, J. and

Delaney, J. concur

_____

_____

_____

                        JUDGES

JWW/d 0613

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
ROBERT DAVIS, JR.                                :
                                                 :
    Defendant-Appellant                      :            Case No. CT2010-0052


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


                                  _____


                                  _____


                                  _____

                                          JUDGES