[Cite as *State v. Williams*, 2017-Ohio-8733.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105321

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODNEY JUNIOR WILLIAMS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-605572-C and CR-16-607418-A

**BEFORE:**  Jones, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  November 30, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

BY: Noelle A. Powell
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: John D.R. Kirkland
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Rodney Williams ("Williams"), appeals his 24-month sentence, handed down after he pleaded guilty to one count of burglary and one count of drug possession. Finding no merit to the appeal, we affirm.

**{¶2}** In April 2016, Williams was charged with burglary, aggravated theft, and criminal damaging. In July 2016, he was charged with drug possession and possession of criminal tools. He entered a plea on both cases, pleading guilty to an amended count of burglary and one count of drug possession. The remaining charges were nolled. As part of the plea, the state and defense counsel agreed to recommend a sentence of 18 months. At the sentencing hearing, however, the trial court sentenced Williams to 24 months for burglary to run concurrent to 12 months for drug possession.

**{¶3}** Williams filed a timely notice of appeal. Further facts will be discussed under the two assignments of error he raises, which are as follows:

> I. The state failed to make the sentencing recommendation to the trial court that was agreed upon between the state and the appellant — thereby, depriving the appellant of the benefit used to induce his pleas in case 605572 [burglary case].
>
> II. Appellant received ineffective assistance of counsel when counsel failed to object or otherwise correct the record when the state failed to make the sentencing recommendation to the trial court that was agreed upon between the state and the appellant.

**{¶4}** In the first assignment of error, Williams contends that he was denied the "benefit of his bargain" because the state did not follow through with its recommended agreed sentence at the sentencing hearing.

**{¶5}** A trial court is vested with sound discretion when implementing plea agreements. *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399 N.E.2d 119 (9th Dist.1978). The court is not obligated to follow the negotiated plea entered into between the state and the defendant. *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 115, citing *State v. Mayle*, 11th Dist. Ashtabula No. 2002-A-0110, 2004-Ohio-2203.

**{¶6}** This court has held that

> [a] trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor."

*State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 115, quoting *Buchanan* at *id.*

**{¶7}** It must first be determined "whether the trial court accepted the plea agreement before it deviated from the recommended sentence, and whether [the defendant] was put on notice that the trial court might deviate from the recommended sentence." *Dunbar* at ¶ 116, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Then it must be determined whether the defendant "had a reasonable expectation that the trial court would implement the agreed sentence." *Dunbar* at ¶ 129.

**{¶8}** In this case, the state and Williams agreed upon a recommended 18-month sentence with no judicial release. During the plea hearing, the court asked Williams the following:

Court:   Have any promises been made to you to get you to change your plea, including any promises as to what I might do with regard to sentencing in this case?

Defendant: No.

State:   Excuse me, your Honor. There is an agreed upon 18-month sentence.

Court:   Pardon me?

State:   There is an agreed upon 18-month sentence.

Court:   Right, in this case there is an agreed time of 18 months in prison, and no judicial release.   An agreed time is a situation where the prosecutor and your counsel have agreed to what each considers to be an appropriate amount of time for your conduct to be, in this case, 18 months in prison.   I view that as a recommendation to me that each side considers that appropriate.   I do not — I am not bound by that recommendation.

So, I can either agree to it at sentencing, in which case you will have your expectation met with regard to the number of months. However, I'm not bound by that.   I may go above that up to the maximum 36 months.   I can go below that.   And in the past I've done one or the other depending upon the circumstances.   So, I want you to be clear in your mind that I'm not bound by that, and I'll make my decision at sentencing. Do you understand that?

Defendant: Yes, I understand.

Tr. 18-20.

{¶9} During the sentencing hearing, the state initially told the court that it felt that a sentence in the higher end of the sentencing range (up to 36 months) was appropriate. The court reminded the state that the parties had agreed upon a sentence of 18 months. The state corrected its stance and apologized to the court, remembering that there had been an agreement to recommend a sentence to the court.

{¶10} Williams claims that the state's argument to the court on why Williams should be sentenced to the higher end of the sentencing range improperly swayed the court. But there is no indication of that on the record. The trial court was well aware of the recommended sentence and pointed that fact out to the state when the state initially told the trial court its recommendation was that the court sentence Williams to the "higher end" of the sentencing range. The trial court also explained its reasoning for sentencing Williams to 24 months in prison, noting that the probation department found him to be at high risk for reoffending, he was on probation when he committed the crimes, and he had a lengthy criminal record.

{¶11} Moreover, the trial court advised Williams at the time he entered his plea that the sentence was merely a recommendation that the court was not bound by, the court could reject the recommended sentence and impose a sentence of more or less time, and had previously imposed sentences of more or less than the recommended time on other defendants.

{¶12} Therefore, the trial court did not err by imposing a 24-month sentence instead of the agreed upon 18-month sentence since the trial court warned Williams at the plea hearing of the possibility that the court would reject the recommended sentence. Additionally, the record does not support Williams's claim that the state inappropriately persuaded the court to sentence him to 24 months in prison.

{¶13} The first assignment of error is overruled.

{¶14} In the second assignment of error, Williams argues that his counsel was

ineffective for failing to object when the state failed to make the sentencing recommendation to the trial court that was agreed upon between the state and the defense counsel.

**{¶15}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶16}** Williams argues that his counsel's performance fell below an objective standard of representation because counsel did not object to the state's initial request that Williams be sentenced to the higher end of the felony sentencing range. We disagree. After the state initially told the court that there was not a recommended sentence, Williams's trial counsel informed the court that there was an 18-month agreed sentence. Counsel also set forth arguments in mitigation for Williams and recommended he be given drug treatment.

**{¶17}** In light of the above, Williams's claim of ineffective assistance of counsel is without merit and the second assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR