[Cite as *State v. Gray-Cole*, 2018-Ohio-1293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105573**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS GRAY-COLE

DEFENDANT-APPELLANT

---

### JUDGMENT:
SENTENCE VACATED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606498-A, CR-16-610084-A, and CR-16-611479-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 5, 2018

-i-

**ATTORNEY FOR APPELLANT**

Jerome M. Emoff
Dworken & Bernstein Co.,    L.P.A.
1468 West Ninth Street, Suite 135
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:     Shannon M. Musson
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Appellant-defendant Thomas Gray-Cole ("Gray-Cole") appeals his sentence and asks this court to enforce the agreement that was set forth in the record, thereby convicting him only of the aggravate assault count. We vacate and remand.

{¶2} Gray-Cole pleaded guilty to one count of endangering children, a first-degree misdemeanor, in violation of R.C. 2919.02(A); one count of criminal damaging, a first-degree misdemeanor, in violation of R.C. 2909.06(A)(1); amended counts of aggravated assault, a fourth-degree felony, in violation of R.C. 2903.12; amended counts of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A), and amended counts of attempted abduction, a fourth-degree felony, in violation of R.C. 2905.02(A)(2). The trial court imposed a 29-month prison sentence.

{¶3} Gray-Cole and the state discussed a merger deal and came to an agreement that the aggravated assault and attempted abduction counts would merge. After reviewing the transcript, it is clear that the trial court strictly complied with Crim.R. 11(C)(2) and that Gray-Cole understood his plea. The trial court reiterated the merger agreement during the plea hearing, but then at sentencing did not merge the counts. Gray-Cole filed an appeal, where the state concedes, asserting one assignment of error for our review:

> I. The trial court erred when it failed to merge amended counts one and five in imposing a 29 month sentence in excess of the maximum allowable sentence for a felony of the fourth degree, after advising Gray-Cole that he would be sentenced on one count.

# I.    Law and Analysis

{¶4} As the state conceded at the appeal hearing and in its brief that the trial court did err when it failed to merge the amended counts, Gray-Cole's sentence should be vacated and remanded to the trial court for resentencing consistent with the negotiated plea agreement.

{¶5} The record reveals that the trial court acquiesced to the merger agreement. However, the trial court erred by appearing to accept the negotiated plea agreement before the court accepted Gray-Cole's plea, and then during sentencing, deviated from the recommended sentence or terms contained within the plea agreement at the time of sentencing.

> The instructive case in this appellate district on a trial court's deviation from a plea agreement is *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, where we explained:   [A] trial court is vested with sound discretion when implementing plea agreements. *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399 N.E.2d 119 (9th Dist.1978). The court is not obligated to follow the negotiated plea entered into between the state and the defendant. *Id*. [O]nce the court approves the plea agreement, [however], its ability to deviate from it is limited. *State v. Allgood*, 9th Dist. Lorain Nos. 90CA004903, 90CA004904, 90CA004905, and 90CA004907, 1991 Ohio App. LEXIS 2972 (June 19, 1991), citing *U.S. v. Holman*, 728 F.2d 809, (6th Cir.1984) certiorari denied, 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984).
>
> "[T]he law is somewhat less settled in those cases where the trial court appears to indicate that it accepts the negotiated plea agreement before the court accepts the defendant's plea, and then deviates from the recommended sentence or terms contained within the plea agreement at the time of sentencing.   The analysis in these scenarios turns to due process concerns   over whether the accused was put on [notice] that the trial court might deviate from the recommended sentence or other terms of the

agreement before the accused entered his plea and whether the accused was given an opportunity to change or to withdraw his plea when he received this notice." *See generally, Katz & Giannelli*, Criminal Law 154-155, Section 44.8. n.2 (1996) (Emphasis sic.) [*Warren v. Cromley*, 11th Dist. Trumbull No. 97-T-0213, 1999 Ohio App. LEXIS 206 (Jan. 29, 1999),*7-8.]

"A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *Buchanan*, supra, at ¶ 13, citing *State v. Darmour*, 38 Ohio App.3d 160, 529 N.E.2d 208 (8th Dist.1987) (* * * no abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea). *Dunbar* at ¶ 112-115.

*State v. Lumbus*, 8th Dist. Cuyahoga No. 99301, 2013-Ohio-4592, ¶ 38.

**{¶6}** In this case, after the state recited the plea details, the transcript indicates that the state and defense counsel had some discussions of merger in the first case. The record reveals that the state went on to express that the abduction and aggravated assault would merge. The trial court and state had the following exchange:

COURT: And the State would choose?

STATE: We would elect to proceed on the offense of violence, the aggravated assault charge. * * *

(Tr. 30-31.)

**{¶7}** The trial court asked defense if that was the correct agreement. After discussion of an amended charge, it was agreed that the merger agreement was correct. After the trial court reviewed the charges and possible penalty it stated to Gray-Cole:

COURT: Now, do you also understand that in this case the State and your counsel have agreed that these cases would

merge — these charges, Counts 1 and 5, the felony charges, would merge and you would only be sentenced on one, and the State has elected to have you sentenced on Count 1, aggravated assault, as amended, a Felony 4. Do you understand that?

GRAY-COLE:     Yes, ma'am.

COURT:     The [c]ourt will accept the defendant's pleas and find the defendant guilty on the counts pled. At the request of the prosecutor, Count 2 in [Cuyahoga C.P.] No. CR-16-610084-A is nolled, as well as Counts 3 and 4 in [[Cuyahoga C.P.] No. CR-16-6611479-A. For the record, we learned today that Case No. 609288 was dismissed and was reindicted in [Cuyahoga C.P.] No. CR-16-611479-A.

(Tr. 37-38, 42.)

{¶8} The trial court continued by reciting the parole requirements and then accepted Gray-Cole's plea. The trial court, in its direction to Gray-Cole, did not put Gray-Cole on notice that it might deviate from the recommended sentence or other terms of the agreement before Gray-Cole entered his plea. The matter was continued to February 22, 2018, for a presentence investigation report and sentencing. The trial court sentenced Gray-Cole to 17 months imprisonment on Count 1 and 12 months imprisonment on Count 5. (Tr. 56.)

{¶9} As stated above, the record reveals that the trial court acquiesced to the merger agreement; that Counts 1 and 5 merge and that Gray-Cole will be sentenced on Count 1. *Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, at ¶ 114. ("The analysis in these scenarios turns to due process concerns over whether the accused was put on [notice] that the trial court might deviate from the recommended sentence or other

terms of the agreement before the accused entered his plea and whether the accused was given an opportunity to change or to withdraw his plea when he received this notice"). We find that the trial court did not provide Gray-Cole with notice that it may deviate from the negotiated plea agreement, allowing Gray-Cole to change his plea. As a result, Gray-Cole's sentence must be vacated and remanded to the trial court for resentencing in agreement with the negotiated plea agreement.

{¶10} Gray-Cole's sole assignment of error is sustained.

{¶11} Sentence vacated and remanded for resentencing in accordance with the plea agreement.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
TIM McCORMACK, J., DISSENTS WITH SEPARATE OPINION

TIM McCORMACK, J., DISSENTING:

{¶12} I respectfully dissent.

**{¶13}** Where a trial court indicates its acceptance of a plea agreement and fails to notify the defendant that it is not bound by the terms of the agreement, the appropriate remedy is to remand the case to the trial court to either enforce the terms of the plea agreement or allow the defendant to withdraw his plea.