[Cite as *State v. Bridges*, **2019-Ohio-2051.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                Court of Appeals No. WD-18-009

    Appellee                                          Trial Court No. 2016CR0649

v.

Roshana Bridges                                        **DECISION AND JUDGMENT**

    Appellant                                         Decided:   May 24, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David T. Harold and James A. Hoppenjans, Assistant Prosecuting
Attorneys, for appellee.

Frank J. Simmons, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Roshana Bridges, appeals the judgment of the Wood County

Court of Common Pleas, convicting her pursuant to a plea of guilty of one count of

engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1), a felony of the second degree. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On January 19, 2017, the Wood County Grand Jury indicted appellant and two co-defendants on five charges, including one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a felony of the first degree; one count of theft in violation of R.C. 2913.02, a felony of the fourth degree; one count of forgery in violation of R.C. 2913.31, a felony of the fourth degree; one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; and one count of money laundering in violation of R.C. 1315.55, a felony of the third degree. The charges all arose from appellant's participation in a scheme to deceive and confuse Walmart cashiers into issuing prepaid credit cards without actual payment.

{¶ 3} Appellant entered an initial plea of not guilty to the charges, and the matter proceeded to a jury trial beginning on September 25, 2017. On the third day of the trial, the state offered to allow appellant to plead guilty to the count of engaging in a pattern of corrupt activity, reduced to a felony of the second degree. In exchange, the state would agree to drop the remaining charges and to recommend community control sanctions. Appellant indicated her agreement to the plea offer.

{¶ 4} Prior to dismissing the jury, the court preliminarily confirmed that appellant was waiving her right to a jury trial. The court then addressed appellant about the nature of the community control recommendation:

2.

THE COURT: I also want to advise you, just so you understand, that there is a recommendation, the Court has expressed to counsel that it will give strong consideration to the recommendation of community control with no prison time and that all the prison time would be reserved. I want you to fully understand that is merely a recommendation. Do you understand that?

[APPELLANT]: Yes.

THE COURT: Do you understand that if the Court doesn't follow it that it is not a violation of anything and that it doesn't cause this to be reversed in any way?

[APPELLANT]: Yes.

{¶ 5} After the jury was dismissed, the trial court engaged in a Crim.R. 11 colloquy with appellant. As part of the colloquy, the trial court informed appellant that she was pleading guilty to a felony of the second degree, and that the maximum penalties for a felony of the second degree were eight years in prison and a $15,000 fine. Further, the court informed appellant that there was no mandatory prison term, but that a prison term was presumed. The trial court then went over the sentencing recommendation again:

THE COURT: You also understand -- and we went over this a little bit before -- you understand the State is making a recommendation in this case of probation or what we call community control.

[APPELLANT]: Yes.

3.

THE COURT: Do you understand that?

[APPELLANT]: Yes.

THE COURT: You understand that is merely a recommendation and that the Court does not have to follow that recommendation?

[APPELLANT]: Yes.

Thereafter, the trial court accepted appellant's guilty plea and continued the matter for sentencing on November 17, 2017.

{¶ 6} At the sentencing hearing, appellant indicated her desire to further consider whether she wished to move to withdraw her guilty plea. Thus, the trial court continued the sentencing hearing until 2:00 p.m. that afternoon. At 2:00 p.m., appellant failed to appear, and a warrant was issued for her arrest. Appellant was subsequently apprehended, and a second sentencing hearing was held on January 12, 2018.

{¶ 7} At the second sentencing hearing, appellant acknowledged that she fled the jurisdiction on November 17, 2017, after one of her co-defendants received a four-year prison sentence. She stated that she was scared, and wanted to be with her four children for the holidays. The state, for its part, recognized that appellant fled before sentencing, that appellant's conduct was part of a scheme that defrauded Walmart of over one million dollars, and that appellant was facing additional charges from other jurisdictions. Nonetheless, the state recommended that appellant receive community control as discussed in the plea agreement.

{¶ 8} Upon receiving the parties' arguments, the trial court commented on appellant's lengthy history of theft offenses. The court noted that prior instances of

4.

probation or court involvement have not been successful, and that theft appears to be a way for appellant to support herself. Thus, the trial court found that community control was not appropriate, and sentenced appellant to serve five years in prison.

## II. Assignment of Error

{¶ 9} Appellant has timely appealed the January 17, 2018 judgment memorializing her conviction, and now presents one assignment of error for our review:

1. The trial court abused its discretion by failing to follow the recommendation of the state of Ohio as part of the negotiated plea agreement to sentence the defendant to community control. The defendant agreed to be placed upon community control in the Rule 11 plea agreement and the record does not justify the imposition of a 5 year prison sentence which renders the defendant-appellant's plea as involuntary.

## III. Analysis

{¶ 10} In support of her assignment of error, appellant presents two arguments.

{¶ 11} First, appellant argues that her plea was not knowing and voluntary because she was not put on notice of the possibility of a prison sentence before she entered her guilty plea.

{¶ 12} "[U]nless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. To ensure that the plea is knowingly, intelligently, and voluntarily made, the trial court must engage in a colloquy as prescribed in Crim.R. 11. *Id.* at ¶ 26. Relevant here, Crim.R. 11(C)(2)(a) and (b) provide,

5.

(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 13} "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Clark* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 14} Here, the record belies appellant's assertion that she was not notified of the possibility of a prison sentence. In fact, the trial court expressly informed appellant that the maximum prison sentence for a felony of the second degree was eight years. Furthermore, appellant affirmed on more than one occasion that she understood that the

6.

state's recommendation of community control was merely a recommendation, and that the court was not bound by it. Therefore, we hold that under the totality of the circumstances appellant subjectively understood the implications of her plea and the rights she was waiving, and thus her plea was knowingly, voluntarily, and intelligently made.

{¶ 15} Second, appellant argues that the trial court abused its discretion when it did not give its reasons for deviating from the state's recommendation, and did not specifically state the purposes and factors set forth in R.C. 2929.11 and 2929.12.

{¶ 16} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds: * * * (b) That the sentence is otherwise contrary to law."

{¶ 17} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish*, held that where the trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

7.

{¶ 18} As to appellant's argument that the trial court did not give its reasons for deviating from the state's recommendation, we note that "[a] trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 Ohio App. LEXIS 1891 (Apr. 22, 2002). Here, as discussed above, the trial court notified appellant of the maximum possible penalties, and notified her, prior to accepting the guilty plea, that the court could deviate from the state's recommendation of community control. Moreover, in this case the trial court also informed appellant at sentencing why it was deviating from the state's recommendation, citing appellant's extensive history of theft offenses.

{¶ 19} As to appellant's argument that the trial court did not specifically give its reasons under R.C. 2929.11 and 2929.12, it is well-established that the trial court "is not required to state the specific statutory factors in R.C. 2929.11 and 2929.12 on which it relied." *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 14. Nonetheless, in the trial court's sentencing entry, not only did it expressly state that it considered R.C. 2929.11 and R.C. 2929.12, but it also stated that a prison sentence was warranted because: "The victim of the offense suffered serious economical harm as a result of the offense; The offender acted for hire or as part of organized criminal activity;

8.

The offender has a history of criminal convictions or juvenile delinquency adjudications; [and] The offender shows no genuine remorse."

{¶ 20} Therefore, appellant's arguments that the trial court abused its discretion in sentencing her to prison are without merit, and we hold that her sentence was not clearly and convincingly contrary to law.

{¶ 21} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 22} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                    JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, J.         _____
CONCUR.                                                   JUDGE

_____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.