[Cite as *State v. Swortchek*, 2020-Ohio-2831.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 108908

    v.                                   :

JOHN SWORTCHEK,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639359-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer King, Assistant Prosecuting Attorney, *for appellee.*

Paul Mancino, Jr., *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, John Swortchek, appeals his sentence for driving under the influence of alcohol ("DUI") following a guilty plea. He contends in his sole assignment of error that he was "denied due process of law when he was sentenced differently from when he entered a plea." For the reasons that follow,

we reverse his conviction and remand the case to the trial court to either resentence Swortchek under the plea agreement or allow him to withdraw his guilty plea.

{¶ 2} Swortchek was charged with three counts of DUI, felonies of the fourth degree, and one count of physical control of a motor vehicle. He entered into a plea agreement with the state whereby he agreed to plead guilty to a fourth-degree felony count of DUI, and the remaining counts would be nolled. Additionally, the prosecutor stated the following:

> And the [s]tate of Ohio and defense counsel have agreed upon sentence, if the Court will accept that recommendation of six months local time, to be served locally through the state prison system.

(Tr. 3.)

{¶ 3} Defense counsel affirmed that "there's an agreed sentence in this case of 180 days or six months, but there are a couple of issues that I —." (Tr. 4.) The trial court interrupted defense counsel, requesting "What's your plea?" (Tr. at *id.*) Although defense counsel stated that Swortchek is "going to go along," counsel further expressed "a couple of issues." (Tr. at *id.*) The court again asked, "What's your plea going to be?" (Tr. at *id.*) Counsel advised, "Well, we're willing to go along with that." (Tr. at *id.*) The following exchange then took place:

> THE COURT: What does that mean; what is your plea? Is your plea guilty, not guilty, no contest; what is your plea?
>
> COUNSEL: It will be guilty. * * *
>
> THE COURT: The government has indicated that he is pleading guilty to [DUI], a felony of the fourth degree.

COUNSEL: Right. But we have an agreed — I don't know if the Court is amenable to that agreed disposition of 180 days local time, which you can do in that type of case.

THE COURT: But, you know, we're not even at that point, [counsel]. I need to know what your plea is going to be.

COUNSEL: Well, if he can get some relief so he can see his heart surgeon, we're willing to do that.

THE COURT: I don't bargain with people like that. I mean, you know better than that. I'm not going to agree to bargain with you while you're standing in front of the bench. I'm not going to say okay, I'm going to give this and that and therefore there's a plea. I'm not doing that.

If you take the plea that the government has offered you, then fine, we have a procedure to go through. Other than that, I'm not agreeing to anything. I'm not telling you anything like that. I don't discuss sentencing, and you know it.

COUNSEL: Well, I thought you were amenable to an agreed sentence.

THE COURT: I am. And the prosecutor says six months and I haven't said one word.

COUNSEL: Okay.

THE COURT: I accept agreed-upon sentences, but I'm not going to tell you that I agree to any of these conditions that you're making.

* * *

If you want to enter a plea, enter the plea. If you don't want to enter the plea, then don't.

(Tr. 4-6.)

{¶ 4} After counsel explained that Swortchek wanted to see his "heart doctor" and that he had letters from the doctor, the court explained:

THE COURT: I don't care. All I care about right now is the charge of DWI, a felony four. I want to know if he's going to plead guilty or not guilty. That's all I want. I don't want to know about anything else

that's personal.  He can work that out with the people in the jail.  She said something about local time period all of the conditions you entered into with the government, she conveyed that to me.  If she didn't convey it correctly, let me know.  If she conveyed it correctly and you have a deal, tell me what your plea is going to be.

Counsel:  Well, 180 days is appropriate, yes, that's agreed to.  But I just want to bring to the Court's attention these other issues that he has.

* * *

THE COURT:  He's here before the Court on a DUI.  The prosecutor has indicated to the Court that you guys have an agreement that he's going to plead to DUI, felony four, and you have an agreed-upon sentence for six months.  Now, that's all I'm concerned with.  I don't care about the rest of the stuff.  Everybody here has issues.

(Tr. 6-7.)

{¶ 5}  After further discussion, counsel advised the court that Swortchek would plead guilty.

THE COURT:  Okay.  Mr. Swortchek, do you wish to take this plea agreement?

DEFENDANT:  I do, Your Honor.

(Tr. 8.)

{¶ 6}  The trial court then conducted a Crim.R. 11 plea colloquy.  During the colloquy, the trial court advised Swortchek of the maximum penalties he faced by pleading guilty to a fourth-degree felony DUI, including all mandatory penalties.  Additionally, the court confirmed with him that he "entered into an agreement with [the state] whereby you agree to serve six months in the Cuyahoga County Jail."  (Tr. 12.)  In asking whether any promises or threats were made to induce Swortchek into taking the plea, the court questioned:

Has anyone made any promises or threats in order to induce you to change your plea, other than what's been spread upon the record? And because there has been an agreement spread upon the record, the Court's going to review that. That is that you would plead guilty to DUI, a felony of the fourth degree, and that you have entered into an agreement with the government whereby you agree to serve six months local time. Is there anything else?

DEFENDANT: That's it, Your Honor.

(Tr. 13.)

{¶ 7} Swortchek pleaded guilty to the DUI offense. Because of Swortchek's upcoming scheduled doctor appointments, the trial court continued the matter for sentencing.

{¶ 8} Subsequently at the sentencing hearing, the trial court acknowledged the agreement between the parties and imposed the following sentence:

DUI in this case is a felony of the fourth degree. There is an agreement to serve six months local time; therefore, the sentence of the Court is $1,350 and costs, 18 months. Twelve months will be suspended. You'll be placed on probation for a period of two years. Alcohol and drug counseling will be mandatory. His license will be suspended for a period of four years. The sentence will be ordered consistent with the agreement to be served locally.

(Tr. 20.) Following the announcement of the sentence, counsel requested that the trial court allow Swortchek to complete his inpatient treatment before serving the jail sentence. In response, the court stated:

THE COURT: We had an agreement.

COUNSEL: I know. I understand that.

THE COURT: He has to finish it when he gets out. We have an agreement. We have to abide by the agreement.

* * *

> Oh. Well, you can finish it when you get out. Six months to do consistent with the agreement.

(Tr. 20-21.)

**{¶ 9}** On appeal, Swortchek contends in one paragraph, without citation to any legal authority as required by App.R. 16(A)(7) and 12(A)(2), that the trial court denied him due process when it sentenced him contrary to the agreed sentence. Swortchek's violation of the appellate rules is grounds enough for this court to overrule his assignment of error and affirm his conviction; however, we find that based on the record before us, Swortchek did not enter a knowing, intelligent, and voluntary plea.

**{¶ 10}** We initially note that this was not an "agreed sentence" that would prevent Swortchek a right to appeal pursuant to R.C. 2953.08(D)(1). Rather, the case before us reflects that this was an agreement between the state and Swortchek that was recommended to the trial court.

**{¶ 11}** "'A trial court is vested with sound discretion when implementing plea agreements.'" *State v. Orlando*, 8th Dist. Cuyahoga No. 99299, 2013-Ohio-2335, ¶ 14, quoting *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 112. And the court is not obligated to follow the negotiated plea entered into between the state and the defendant. *Id.* "However, before the trial court imposes a longer prison sentence than what is recommended in the plea agreement, due process requires the trial court to put the defendant on notice of

that possibility before accepting the guilty plea." *State v. Williams*, 8th Dist. Cuyahoga No. 105025, 2017-Ohio-2662, ¶ 4.

{¶ 12} In *Warren v. Cromley*, 11th Dist. Trumbull No. 97-T-0213, 1999 Ohio App. LEXIS 206, 7-8 (Jan. 29, 1999), referring to the trial court's discretion on whether to accept a negotiated plea, the court stated:

> the law is somewhat less settled in those cases where the trial court appears to indicate that it accepts the negotiated plea agreement before the court accepts the defendant's plea, and then deviates from the recommended sentence or terms contained within the plea agreement at the time of sentencing. The analysis in these scenarios turns to due process concerns over whether the accused was put on [notice] that the trial court might deviate from the recommended sentence or other terms of the agreement before the accused entered his plea and whether the accused was given an opportunity to change or to withdraw his plea when he received this notice. *See, generally*, Katz & Giannelli, Criminal Law (1996) 154-155, Section 44.8. n.2

{¶ 13} "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), citing *State v. Darmour*, 38 Ohio App.3d 160, 529 N.E.2d 208 (8th Dist.1987), syllabus (finding no abuse of discretion when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea after being advised); *State v. Tucci*, 7th Dist. Mahoning No. 01CA234, 2002-Ohio-6903 (before the court sentences the defendant, it must ascertain that the defendant understands that it can impose a

higher sentence than that recommended by the prosecution and that no one promised him anything less than the maximum sentence).

{¶ 14} Therefore, the issues before this court are whether (1) the trial court indicated that it accepted the negotiated plea agreement with a recommended sentence before it accepted Swortchek's plea, (2) Swortchek was put on notice that the trial court might deviate from the recommended sentence, and (3) Swortchek was given an opportunity to withdraw his plea upon learning that the trial court would not be implementing the recommended sentence.

{¶ 15} Before discussing the identified issues, we note that the recommended sentence was that Swortchek would serve six months in the county jail. Whether this was the entire agreed sentence between the parties, or only just an agreement regarding the period of incarceration, is not entirely clear from the record. But a person who pleads guilty to a fourth-degree felony DUI is subject to certain mandatory minimum sanctions, and failure to impose those mandatory minimums would have rendered Swortchek's sentence contrary to law. The trial court advised Swortchek of those mandatory minimums, which Swortchek does not challenge on appeal.[1] Accordingly, the record supports the conclusion that the

---

[1] A review of the record reveals that the trial court advised Swortchek of those mandatory minimum sanctions including a mandatory period of incarceration, fine, alcohol and drug addiction program, license suspension, restricted plates and installation of an interlock device on the vehicle, and forfeiture of the motor vehicle if registered to the defendant. *See* R.C. 4511.19. Moreover, the court advised that if driving privileges are requested, they cannot be granted until after a requisite period of time.

agreement between the parties only pertained to the potential term of incarceration.

{¶ 16} After reviewing the record, we find that the record is clear that the trial court accepted Swortchek's guilty plea. It is not as clear, however, as to whether the court accepted the incarceration portion of the agreement prior to accepting the plea because the trial court did not unequivocally state it would impose the recommended sentence. That being said, we must determine whether Swortchek had a reasonable expectation that the trial court would impose the recommended sentence of six months local jail time. Based on the entire record before this court, we conclude that Swortchek had a reasonable expectation that he would only serve six months in the county jail for this offense because the trial court did not forewarn him that it could or would deviate from the recommended sentence.

{¶ 17} Although the trial court indicated on several occasions that it was not discussing the sentence during the plea hearing, a review of the entire context of the plea reveals that this was in response to defense counsel's requests about Swortchek's medical concerns and appointments. Specifically, the trial court stated that it was "amenable to an agreed sentence," but not agreeable to any of defense counsel's "conditions that [he was] making." (Tr. 6.) Additionally, the court reiterated on multiple occasions prior to accepting the plea that there was an agreement between the parties — "all of the conditions that [Swortchek] entered into with the government, [the prosecutor] conveyed that to me. If [the

prosecutor] didn't convey it correctly, let me know. If [the prosecutor] conveyed it correctly and you have a deal, tell me what your plea is going to be." (tr. 6-7.); "the prosecutor has indicated to the Court that you guys have an agreement that he's going to plead to DUI, felony four, and you have an agreed-upon sentence for six months. Now, that's all I'm concerned with." (Tr. 7.)

{¶ 18} Moreover, the trial court acknowledged the agreement during the plea colloquy. Immediately following the advisement of the mandatory minimum penalties, the trial court confirmed Swortchek's agreement to serve six months in the county jail — "The government has further indicated to this Court that as part and parcel of this plea agreement with you that you have entered into an agreement with them whereby you agree to serve six months in the Cuyahoga County Jail; did you agree to that?" (Tr. 12.)

{¶ 19} Based on the record, it is apparent that Swortchek had a reasonable expectation that he would only receive a six-month jail sentence.

{¶ 20} "Due process requires the trial court to put the defendant on notice of the possibility that it could impose a longer term than negotiated under the plea agreement before accepting the guilty plea." *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 21, citing *Williams*, 8th Dist. Cuyahoga No. 105025, 2017-Ohio-2662, at ¶ 4. We find that Swortchek was not put on notice that the court might deviate from the recommended jail sentence.

{¶ 21} At no time did the trial court indicate that it was not bound by the recommended sentence. Again, the trial court indicated that it was not discussing

sentencing during the plea, but it never stated that it would deviate from the recommended sentence. When defense counsel asked about its belief that the court would be amenable to an agreed sentence, the court stated "I am. And the prosecutor says six months and I haven't said one word." (Tr. 6.) The court advised Swortchek of the mandatory minimum and maximum sentence that could be imposed, but when the court noted the agreement between the defendant and the state, it never said that it was not agreeing to the recommendation. Finally, the trial court acknowledged the agreement immediately following the penalty advisements during the plea colloquy and again never said that it was not making any promises regarding the recommended sentence. Accordingly, Swortchek was not put on notice that the trial court might deviate from the recommended sentence.

{¶ 22} Finally, the record reveals that Swortchek was not given an opportunity to withdraw his plea after learning the court would not be imposing the recommended sentence. At sentencing, the court stated, "There is an agreement to serve six months local time; therefore[,] the sentence of the Court is * * * 18 months. Twelve months will be suspended. You'll be placed on probation for a period of two years. * * * The sentence will be ordered consistent with the agreement to be served locally." (Tr. 20.) Admittedly, the court imposed the recommended portion of six months local jail time, but as previously discussed, the sentence went beyond Swortchek's expectation that six months would be the entire portion of his jail sentence.

{¶ 23} Moreover, although R.C. 4511.19 authorizes the trial court to impose a period of community control in addition to a jail sentence, the record does not reflect that the trial court advised Swortchek during the plea colloquy that he could receive any period of community control, or that a suspended jail or prison sentence could be imposed.

{¶ 24} Crim.R. 11 requires that the defendant be fully aware of the potential consequences of his plea. "'Where a sentence recommendation is an integral part of a plea agreement, the failure to inform the defendant of potential changes may result in a plea that was not entered into knowingly, voluntarily, or intelligently.'" *Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, at ¶ 139, quoting *State v. Allgood*, 9th Dist. Lorain Nos. 90CA004903, 90CA004904, 90CA004905, and 90CA004907, 1991 Ohio App. LEXIS 2972, 9 (June 19, 1991). Although the trial court advised Swortchek of the potential range for the fourth-degree felony charge of DUI, it did not state that it could impose community control in addition to any jail or prison term or any suspended sentence.

{¶ 25} Accordingly, when the court deviated from the plea agreement, it should have advised Swortchek of its intentions, and allowed him to reconsider his plea. *Dunbar* at ¶ 140, citing *Allgood* at 10. If Swortchek had then chosen to still plead guilty, there would be no error because Swortchek would have been fully informed as to the potential sentence. However, after it deviated from the agreed-recommended sentence, the trial court did not give him any opportunity to withdraw his plea.

**{¶ 26}** Based on the record before this court, the trial court erred by failing to either (1) forewarn Swortchek of the potential for a longer jail sentence than recommended and the possibility of community control at the plea hearing, or (2) give him an opportunity to withdraw his guilty plea at the sentencing hearing once the recommended sentence was not imposed. The assignment of error is sustained.

**{¶ 27}** Judgment reversed and remanded for the trial court to either resentence Swortchek under the plea agreement or allow him to withdraw his guilty plea.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
RAYMOND C. HEADEN, J., CONCUR