[Cite as *State v. White*, 2021-Ohio-154.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MICHAEL WHITE | : | Case No. 20 CAA 04 0022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
                                Court of Common Pleas, Case No.
                                19CRI090636

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               January 21, 2021

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

MELISSA A. SCHIFFEL                    WILLIAM T. CRAMER
Delaware County Prosecutor             470 Olde Worthington Road, Suite 200
                                       Westerville, Ohio 43082
By: JOEL C. WALKER
Assistant Prosecuting Attorney
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}   Defendant-appellant Michael White appeals the sentence imposed by the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In July of 2019, a trooper attempted to make a traffic stop after observing a vehicle that had no rear license plate make an illegal turn. The vehicle, which was driven by appellant, failed to stop for a stop sign and ran a red light. The vehicle began speeding, reaching speeds up to 112 miles per hour, and failed to stop at a red light and drove through a yard to turn around before entering back onto a state route. The vehicle then drove into a soybean field where the driver turned off the lights and escaped.

{¶3}   The Delaware County Grand Jury, on September 19, 2019, indicted appellant on one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the third degree. At his arraignment on September 27, 2019, appellant entered a plea of not guilty.

{¶4}   Subsequently, appellant withdrew his not guilty plea and entered a plea of guilty to the indictment.  The parties jointly recommended a nine month prison sentence. As memorialized in a Judgment Entry filed on March 30, 2020, appellant was sentenced to thirty-six (36)  36 months in prison and his driver's license was suspended for a period of seven (7) years. The trial court ordered that the prison term be served consecutively to any other prison term.

{¶5}   Appellant now appeals, raising the following assignment of error on appeal:

{¶6}   "I. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT THE IMPOSITION OF A MAXIMUM TERM OF IMPRISONMENT."

I

{¶7} Appellant, in his sole assignment of error, challenges his maximum sentence. He argues that by clear and convincing evidence, the record does not support a maximum sentence. We disagree.

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, 2015 WL 5722820, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence the record does not support the sentence. *Marcum, supra,* at ¶ 23.

{¶9} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 120 N.E.2d 118.

{¶10} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides a sentence imposed for a felony shall be reasonably calculated to achieve

the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶11} R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶12} Appellant, in the case sub judice, was convicted of one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a felony of the third degree. Appellant was sentenced within the statutory range for a felony of the third degree.

{¶13} Appellant specifically argues that the record does not support the imposition of a maximum term of imprisonment. Appellant contends that he did not cause any discernable harm, accepted responsibility for his actions, pled guilty to the indictment, and that the parties jointly recommended a nine-month sentence.

{¶14} We note that a trial court is not bound to follow a sentence that has been jointly recommended by the parties. *See State, ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶6. Clearly, in the case at bar the trial court acknowledged the joint recommendation and chose not to follow it.

**{¶15}** At the sentencing hearing, there was evidence that appellant had an extensive history of criminal convictions and had pending felony charges in federal court. The trial court noted that the pre-sentence investigation report indicated that appellant had several active warrants from other places including Pennsylvania, Alabama, Georgia, Summit County, Ohio, Virginia and North Carolina. At the hearing, appellant admitted that he did not stop for the police. The trial court also noted that appellant had a juvenile arrest at age 14 for stealing a car. The trial court further stated, in relevant part, as follows:

**{¶16}** "On his adult criminal record, I see a felony theft charge in Summit County with a warrant issued. I see a misdemeanor conviction for grand larceny in New York State in 2007. I see a felony grand larceny conviction in that state too. I see another grand larceny conviction in New York with a prison term imposed. I see also from New York a misdemeanor false report of a crime and leaving the scene of an accident. Again in New York I see a theft misdemeanor conviction. From Indiana I see a felony burglary conviction with a prison term imposed. I see a New Jersey prison term imposed for a felony criminal mischief offense, that involved a foot pursuit with officers. I see in Alabama a prison term imposed for a felony burglary offense. I see in Georgia a felony burglary conviction. I see an unresolved burglary charge in Pennsylvania from 2018. I see an unresolved burglary charge in Wisconsin. I see an unresolved burglary charge, another one from Pennsylvania. I see another one from Pennsylvania with a warrant issued, that one involved fleeing too and driving away causing a high speed chase. And the report notes that similar investigations are underway in New Hampshire, Connecticut too for burglary offenses".

**{¶17}** Transcript of March 27, 2020 hearing at 8-9.

**{¶18}** The trial court also noted that appellant had no previous employment during his life. The trial court, in sentencing appellant, stated, in relevant part, as follows:

"I've looked at the recidivism and seriousness factors that apply in a felony case. Factors that suggest recidivism is more likely include the past history of criminal convictions and a failure to respond favorably in the past to some earlier sanctions.

"The computerized risk assessment tool put Mr. White in the moderate risk category for likelihood of reoffending."

Transcript of March 27, 2020 hearing at 10.

**{¶19}** In its Judgment Entry, the trial court found that appellant had a history of criminal convictions and had served prior prison terms.

**{¶20}** We find that the trial court considered the recidivism and seriousness factors in sentencing appellant. Appellant had an extensive criminal history and failed to respond in the past to earlier sanctions. At the time of the sentencing, appellant was wanted in numerous jurisdictions and was under active federal prosecution. We find that the imposition of the maximum sentence on appellant was supported by clear and convincing evidence

**{¶21}** Appellant's sole assignment of error is, therefore, overruled.

**{¶22}** Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.