[Cite as *State v. Potts*, 2021-Ohio-618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-20-028

    Appellee                              Trial Court No. 20 CR 36

v.

Michael S. Potts                                 **DECISION AND JUDGMENT**

    Appellant                             Decided:  March 5, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Michael S. Potts, from

the February 24 and June 26, 2020 judgments of the Sandusky County Court of Common

Pleas.  For the reasons that follow, we affirm.

## Assignment of Error

The Trial Court's sentence of Appellant should be vacated with Appellant's guilty plea and the case remanded for further proceedings because the State * * * breached its plea bargain agreement with [Appellant] by essentially recommending a term of incarceration at sentencing and [the State] promised that it would do no such thing during the change of plea hearing.

## Background

{¶ 2} On or about January 13, 2020, appellant was charged by way of indictment with possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree. At his arraignment on January 27, 2020, appellant pled not guilty to the charge and was appointed counsel.

{¶ 3} On February 24, 2020, a change of plea hearing was held. At the hearing, the parties explained that a plea agreement had been reached whereby appellant would enter a plea of guilty to the sole count of the indictment and agree to an order of restitution in the amount of $80 to the Sandusky County Drug Task Force, and, in exchange, the state would recommend that appellant be sentenced to Crosswaeh, a community-based correctional facility, and be placed on community control. Prior to accepting the plea, the court informed appellant of the possible sanctions the court could impose. The court then accepted the plea and referred the matter to the Adult Probation Department for a presentence investigation.

2.

**{¶ 4}** Appellant did not appear for his presentence investigation or for a sentencing hearing scheduled for June 8, 2020. As a result, the state filed a motion requesting the court revoke appellant's bond and issue a capias. The court granted this motion in a judgment entry journalized on June 9, 2020.

**{¶ 5}** On June 12, 2020, appellant's counsel filed a motion for leave to withdraw as counsel and a motion to withdraw the plea.

**{¶ 6}** On June 26, 2020, appellant appeared before the court for sentencing. The judge at sentencing was not the same judge who presided over the change of plea hearing. Also, the prosecutor at the sentencing was a different prosecutor than was present at the change of plea hearing.

**{¶ 7}** At the sentencing hearing, the court first gave appellant's mother a chance to speak. In her statement, appellant's mother detailed certain health problems appellant has suffered and described issues that occurred during the pendency of the case, including delays due to COVID and a hearing at which appellant appeared but his attorney did not.[1] The judge then asked appellant's attorney if he wanted to be heard, and the following exchange took place.

MR. DOROBEK:[2] Yes, Your Honor. First, I'd like to address the --

I did file a Motion to Withdraw as counsel and to withdraw Mr. Potts' plea.

---

[1] The court later stated that the attorney had a legitimate reason for his absence.

[2] Mr. Dorobek was appellant's attorney and Mr. Walz was the prosecuting attorney.

3.

I've shared that with him, and I had an opportunity to discuss that with him and meet with him. I met with him yesterday at the County jail, provided information about what it means to withdraw a plea, that -- that they may be generally liberally granted, but there's still certain things you have to -- you have to make an argument for why you should be allowed to do it and that it wasn't automatic.

* * *

MR. DOROBEK: * * * I talked it over with Mr. Potts, that -- and you can ask, inquire of the State, but the State may be prepared to recommend 180 days local time as a possible sentence and --

THE COURT: Community Control, 180 days local time?

MR. DOROBEK: That's my understanding. For -- I don't know if they --

THE COURT: Okay. So if that's the plea agreement --

MR. DOROBEK: That wasn't --

THE COURT: -- based on that sentencing agreement, let's call it, you'll withdraw --

MR. DOROBEK: He would --

THE COURT: --the motion to --

MR. DOROBEK: -- he would withdraw, yes, he would withdraw the Motion to Withdraw his plea and the motion for new counsel.

THE COURT:  You were trying to explain that to me and I --

MR. DOROBEK:  Yes.

THE COURT:  -- didn't get it.

MR. DOROBEK:  Yes.

THE COURT:  Thank you for being patient with me.

MR. DOROBEK:  But in -- in -- it's part based upon the recommendation –

THE COURT:  Yeah –

MR. DOROBEK:  -- of the State.

THE COURT:  -- yeah.  Well, we reviewed it.  Your client has a pretty extensive record, particularly, drug, alcohol abuse and so forth -- drug abuse, pretty extensive.

Mr. Prosecutor, sir, would you like to be heard?

MR. WALZ:  Thank you, Judge, and thank you, Mr. Dorobek, and the Court for reminding me to look at the plea form.

It appears that the State of Ohio in the plea form has agreed to recommend the Defendant be sentenced to Crosswaeh as well as be placed on Community Control.  I think with that in mind, it's probably not proper for me to ask that you put him in jail or prison, because the State of Ohio promised it would recommend Crosswaeh and Community Control, so I'm not going to ask for a particular sanction; would ask that $80 of restitution

be made to the Sandusky County Task Force also as per the Plea Agreement, but, Your Honor, I take a little bit of -- I don't want to say, offense, but we heard some statements which basically blame the system, blame the courts, blame the Prosecutor, blame the defense attorney for Mr. Potts failing to be in court.

THE COURT: Yeah.

MR. WALZ: I can tell you that I've -- I've -- spoken with Mr. Potts in [sic] other occasions. I find him not to be a particularly offensive person, but I -- I -- you know, nobody made him buy cocaine. It wasn't me. It wasn't you. It wasn't Mr. Dorobek. It wasn't COVID. It was his choice, and he has a long-standing history of substance abuse, and if you read the 2016 portion of this P.S.I., because we don't have an update, there are extending -- extenuating family issues which may have brought some of that forward, and I think he's got a -- a rough road, and I hope that he can figure that out.

{¶ 8} After giving appellant's attorney a further chance to speak, and then allowing appellant to address the court, the court discussed appellant's record and stated that, when appellant was in court in a prior appearance the judge was inclined to consider some form of community control that included drug and alcohol treatment without incarceration if the appellant made a "committed effort

to change." However, the judge further stated that he had not seen any evidence of commitment. The judge then made the following relevant statements.

THE COURT: Your record is long and varied, and it's a record that bleeds -- could -- puts other people, not just yourself, other people in danger; that, I don't like. I'm disappointed that you didn't do anything. My -- my inclination was before we started this whole discussion and I give your lawyer some credit by -- and the Prosecuting Attorney some credit and the Probation Department, I -- I was inclined to just ship you. You know, I gave you a talking to, I gave you the reason to believe that there was hope for you. The sentence is -- what is it, 12 months on this one, max?

MR. WALZ: Yes, Your Honor.

THE COURT: Yeah, 12 -- I just say send him to the penitentiary, let him do his 12 months, get credit for time served. If nothing else, he'll dry out, he'll be there or -- he's been incarcerated before this. This is no news to him, and then so the question is, do I go along with *this recommendation that your lawyer and the Prosecutor are talking about*, or do I just ship you away, or do I put you on Community Control; I suppose we'd do that. I'm not putting you on Community Control without some period of incarceration. If nothing else, to see whether you dry out and see whether you have really a commitment to do something to change your life, 'cause there's got to be some evidence of that, there's got to be some reason to

believe that. It's got to be more than words, so *I'll go along with the recommendation* and give you a 180 days local and put you on Community Control for three years, order you to pay the fine and cost of prosecution, and the other terms and requests of the usual probation including rendering the past forward, completing any drug and alcohol program that's requested -- and let me just have a look here, *so I'm going to go along with the 180 days local.* (Emphasis added.)

{¶ 9} The court then sentenced appellant to 180 days local incarceration and three years of community control. Appellant was further informed that violation of community control could result in the imposition of a reserved prison term of eleven months.

{¶ 10} On July 27, 2020, appellant filed his notice of appeal appealing the change of plea and conviction of February 24, as well as the June 26, 2020 sentence.

**Arguments**

{¶ 11} Appellant argues that the state violated the terms of the plea agreement. Although appellant concedes that the state did not overtly recommend a term of incarceration, appellant maintains that the state covertly recommended incarceration by responding to comments the prosecutor saw as shifting the blame for appellant's behavior to third persons, and by pointing out that appellant has a long history of substance abuse. Appellant further asserts that the court understood this implicit recommendation, and, as support, points to the court's statements regarding going "along with the recommendation."

8.

{¶ 12} The state counters that it acted in conformity with the plea agreement. The state cites to the prosecutor's statements detailing the terms of the plea agreement and that it was "not proper" to ask the court for any jail or prison time.

**Law and Analysis**

{¶ 13} "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the prosecutor fails to fulfill the promise, the defendant is entitled to either withdraw his or her plea, or specific performance of the plea agreement, which requires resentencing by a different judge. *Id.* at 263. The court, however, is not obligated to accept a sentence recommended as part of a plea agreement. *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶ 7. A trial court can impose a sentence greater than the recommended sentence "'when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6, quoting *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.).

{¶ 14} As appellant did not raise an objection during the sentencing hearing, we are limited to a plain error review. Crim.R. 52(B) allows plain errors or defects affecting substantial rights to be noticed although they were not brought to the attention of the

9.

court. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira*, 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should only notice plain error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 15, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 15} When reviewing the statements made in the sentencing hearing, we do not find that the prosecutor's statements violate the plea agreement. The plea agreement did not require the prosecutor to remain silent at the hearing, merely to recommend that appellant be sentenced to Crosswaeh. When read as a whole, the prosecutor's comments informed the court that the state had agreed to recommend Crosswaeh. Moreover, it is not clear that the judge's statements that he was following "the recommendation" indicate that the judge understood the prosecutor's statements to be a recommendation for incarceration. The prosecutor did not make such a recommendation. However, appellant's attorney, in the context of discussing the motion to withdraw the plea, did mention that the state may "recommend 180 days local time as a possible sentence."

{¶ 16} Even if the prosecutor's statements were found to violate the plea agreement, we are limited to plain error review. A review of the record does not clearly show that the outcome of the hearing would have been different, to the benefit of appellant, without the prosecutor's statements. It appears from the transcript that the judge's sentence was based on his own assessment of the record. The trial judge

10.

discussed appellant's prior history at length and stated that he was not putting defendant on community control without some period of incarceration.

{¶ 17} Having carefully considered the record and the parties' arguments, we find that the state did not breach the plea agreement and, regardless, appellant has not demonstrated plain error. Accordingly, we find appellant's assignment of error not well-taken.

{¶ 18} The judgments of the Sandusky County Court of Common Pleas are affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.