[Cite as *State v. Porter*, 2021-Ohio-1617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-20-029

      Appellee                              Trial Court No. 19 CR 463

v.

Kyle C. Porter                                   **DECISION AND JUDGMENT**

      Appellant                             Decided:  May 7, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 25, 2020 judgment of the Sandusky

County Court of Common Pleas, sentencing appellant to a five-year term of incarceration

following appellant's plea of guilty, pursuant to a negotiated plea agreement, to one count

of felonious assault, in violation of R.C. 2903.11, a felony of the second degree.

{¶ 2} The plea agreement reached between the parties contained an agreed-upon term of incarceration ranging from two years to three years. During the change of plea proceedings, the trial court did not forewarn appellant of the potentiality of the imposition of a term of incarceration greater than the three-year maximum term agreed upon by the parties in the plea agreement and recited by the trial court during the change of plea proceedings.

{¶ 3} For the reasons set forth more fully below, this court reverses the judgment of the trial court and remands the case to the trial court for resentencing.

{¶ 4} Appellant, Kyle C. Porter, sets forth the following assignment of error:

1. The Trial Court [erred] by accepting [appellant's] guilty plea [] as the Trial Court did not inform Appellant during the plea colloquy that it was not bound by the sentencing agreement between Appellant and Appellee.

{¶ 5} The following undisputed facts are relevant to this appeal. In early 2019, an altercation occurred between appellant and others in attendance at a family birthday party. The police were not called and no formal action ensued subsequent to the incident.

{¶ 6} On May 6, 2019, in an apparent retaliatory response to the above-referenced birthday party disturbance, appellant struck with a bat, and shot at, one of the participants from the prior incident.

{¶ 7} On May 30, 2019, appellant was indicted on two counts of felonious assault, in violation of R.C. 2903.11, felonies of the second degree, with an accompanying specification on the count involving a firearm.

{¶ 8} On January 3, 2020, pursuant to a negotiated plea agreement, appellant pled guilty to one count of felonious assault, in exchange for the remaining count and firearm specification being dismissed.

{¶ 9} During the course of the change of plea proceedings, the parties conveyed to the trial court that they had agreed upon a term of incarceration ranging from a minimum of two years to a maximum of three years.

{¶ 10} Subsequently, the trial court reiterated to appellant during the change of plea colloquy that the plea agreement included a term of incarceration ranging from two years to three years. The trial court affirmed appellant's understanding of same.

{¶ 11} However, at no time during the January 3, 2020 change of plea proceedings did the trial court directly forewarn appellant of the possibility that the trial court could elect to impose a term of incarceration greater than the three-year maximum term which was agreed upon by the parties in the negotiated plea agreement, presented to the trial court, and recited by the trial court.

{¶ 12} On February 25, 2020, appellant was sentenced to a five-year term of incarceration, two years greater than the maximum agreed-upon term in the plea agreement.

{¶ 13} At sentencing, no objection was made to the incongruous term of incarceration being imposed. This appeal ensued.

{¶ 14} In the sole assignment of error, appellant alleges that the trial court erred in imposing a term of incarceration greater than the maximum term agreed to by the parties

3.

in the plea agreement without giving a forewarning to appellant of such a possibility. We concur.

{¶ 15} Crim.R. 11(F) establishes, "When, in felony cases, a negotiated plea of guilty [] is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

{¶ 16} As previously held by this court, when an appeal is rooted in a claimed breach of an enforceable term of a plea agreement and no objection is made at sentencing, the applicable standard of appellate review is plain error. *State v. Potts*, 6th Dist. Sandusky No. S-20-028, 2021-Ohio-618, ¶ 14.

{¶ 17} Accordingly, the outcome on appeal in the instant case is determined by whether plain error is demonstrated, and further, if that error is found to, "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 15.

{¶ 18} We note that the *Potts* case entailed an alleged covert breach of the plea agreement by the prosecution, whereas the claimed breach in the instant case was overt and by the trial court.

{¶ 19} Accordingly, our conclusion in *Potts* that reversible plain error did not occur from an asserted covert, prosecutorial breach is substantively distinguishable from the instant case, distinctly involving an overt plea agreement breach by the trial court.

{¶ 20} In conjunction with the above considerations, as held in *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), "A trial court

4.

does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty *when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor*." (Emphasis added.)

{¶ 21} The transcript of the January 3, 2020 change of plea hearing reflects that the trial court generally conveyed to appellant at the outset that, "[F]or a second degree felony, the court could impose a term of imprisonment from 2 to 8 years."

{¶ 22} The transcript of the January 3, 2020 hearing reflects that the prosecution subsequently conveyed to the trial court, "The state and the defendant have agreed upon a prison term of a minimum of two years with a potential maximum of three years."

{¶ 23} The transcript of the January 3, 2020 hearing further reflects that during the subsequent recitation by the trial court to appellant, the trial court stated in relevant part, "[T]he State and the Defendant have agreed upon a prison term of a minimum of two years with the potential maximum of three years."

{¶ 24} However, the transcript reflects that at no point during the change of plea proceedings did the trial court forewarn appellant of the possibility that it could impose a greater term of incarceration greater than the maximum agreed-upon of three years, as was included in the plea agreement terms reached by the parties and recited the trial court.

{¶ 25} We find that the trial court's preliminary reference to the applicable statutory range of incarceration for second-degree felonies was not adequately explicit so

5.

as to constitute a forewarning to appellant of the possibility of imposing a term of incarceration greater than the three-year maximum plea agreement term.

{¶ 26} Given these facts and circumstances, we find that the trial court's failure to forewarn appellant seriously affected the fairness of the January 3, 2020 proceedings, abrogated a Crim.R. 11(C) knowing and voluntary plea, and constituted plain error under *Buchanan*.

{¶ 27} Accordingly, we find appellant's assignment of error to be well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby reversed. Appellant's plea is vacated and this matter is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                      _____
                                                            JUDGE
Gene A. Zmuda, P.J.        

Myron C. Duhart, J.                                     _____
CONCUR.                                                               JUDGE

                                                                 _____
                                                            JUDGE

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---